IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-50,191-03




 


EX PARTE JOSÉ ERNESTO MEDELLÍN
, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS, MOTION FOR


LEAVE TO FILE AN ORIGINAL WRIT OF HABEAS CORPUS, AND


MOTION FOR STAY OF EXECUTION FROM CAUSE NO. 675430 FROM THE

339TH DISTRICT COURT OF HARRIS COUNTY




 Price, J., filed a concurring statement in which Holcomb and Cochran, JJ.,
joined except as to Part V.


CONCURRING STATEMENT



 The applicant alleges three circumstances he contends should qualify him to re-raise his
Vienna Convention claim in yet another subsequent post-conviction application for writ of
habeas corpus. (1) First, he points to the fact that Mexico has initiated another proceeding in the
International Court of Justice (ICJ) seeking clarification of the Avena decision, (2) and that the
ICJ has requested the United States to take precautionary measures (i.e., refrain from executing
him) until it can render a decision. Second, he points to a determination by the Inter-American
Commission on Human Rights (IACHR), an international tribunal that is an arm of the
Organization of American States, that he was in fact prejudiced by the violation of his Vienna
Convention rights. (3) Third, he argues that it would violate due process to execute him now
because 1) legislation is pending in Congress that would effectively make the Avena judgment
binding on domestic courts in the United States, and 2) a state senator has indicated he will
introduce a similar bill in the next state legislature. I agree that none of these circumstances
justifies this Court in entertaining a subsequent writ application under Article 11.071, Section
5. (4) For the reasons about to be given, I believe this Court's hands are tied. But that does not
mean that the Executive Branch cannot act. 

I. International Court of Justice

 In his first subsequent writ application, the applicant argued that, under the Supremacy
Clause, (5) the Avena decision constituted binding federal law that trumped the abuse-of-the-writ
provisions of Article 11.071, Section 5. In our opinion in Ex parte Medellin, we expressly
rejected that argument. (6) Alternatively, the applicant argued that the Avena decision constituted
new law and/or new facts that would justify a subsequent writ application under Article
11.071, Section 5. We rejected that argument in Medellin as well. (7) Having rejected these
arguments, we cannot very well hold that a request for precautionary measures pending a new
proceeding that has been instituted in the ICJ that would merely clarify the holding of Avena
either trumps, or, alternatively, falls under the ambit of, Article 11.071, Section 5. The United
States Supreme Court ratified our reliance upon the statutory abuse-of-the-writ doctrine,
notwithstanding Avena, in its certiori review of our decision. (8) We must therefore heed the
current legislative prohibition against entertaining a subsequent writ under these
circumstances--unless and until Congress should act in such a way that we should be bound
by the Avena judgment, notwithstanding contrary state law.

II. Inter-American Commission on Human Rights

 The applicant also alleges that the IACHR's decision that the violation of his Vienna
Convention rights was prejudicial and amounted to a violation of the due process guarantees
embodied in the 1948 Declaration of the Rights and Duties of Man, constitutes both new law
and new facts for purposes of Article 11.071, Section 5. But in Medellin, we held that the
Avena decision constituted law, not fact, and the same must surely be said of any decision of
the IACHR. (9) With respect to new law, we held in Medellin that, to be cognizable under Article
11.071, Section 5, it must emanate from "a final decision of the United States Supreme Court,
a court of appeals of the United States, or a court of appellate jurisdiction of this state." (10) 
International tribunals are not included within this statutory ambit. In any event, it is not
clear--and it has not been pled here--that a decision of the IACHR is binding on domestic
courts in the same way that it has been arguable that a decision of the ICJ with respect to the
Vienna Convention is binding under the Supremacy Clause by virtue of the Optional
Protocol. (11) Thus, even if the IACHR judgment somehow constituted a new fact or law for
purposes of Article 11.071, Section 5, notwithstanding what we said in Medellin, it is still not
clear that by invoking it the applicant has presented anything that, even if true, would entitle
him to relief.

III. Pending Legislation

 The applicant alleges that on July 14, 2008, a bill was introduced in the House of
Representatives, entitled the "Avena Case Implementation Act of 2008," which would
expressly provide for judicial remedies to carry out the treaty obligations that Avena construed
the Vienna Convention to impose. (12) The applicant contends that to execute him while such
legislation is pending would violate federal due process, given the fact that nobody disputes
that the Avena decision, once implemented by Congress, would require domestic courts to
undergo a review and reconsideration of his conviction and sentence before he could be
executed. (13) This is entirely too speculative to support a due process claim. The applicant has
no expectation that the proposed legislation will be enacted. Until such a statute is passed, the
Avena decision is not binding; and if Avena is not binding, the applicant cannot predicate a due
process claim upon it. Again, the applicant simply fails to state facts that would entitle him to
habeas corpus relief. Any claim based upon legislation that might be introduced at the next
legislative session in Texas suffers a similar fate.

IV. Original Application for Writ of Habeas Corpus

 The applicant urges us to by-pass the abuse-of-the-writ provisions of Article 11.071,
Section 5, by simply treating his application as an invocation of our original writ jurisdiction. 
This we may not do. It is indisputable that the applicant is challenging the validity of his
conviction and death sentence. We have made it clear that under such circumstances we are
bound to entertain any post-conviction writ of habeas corpus only under the purview of the
procedures set out in Article 11.071--including the abuse-of-the-writ provisions in Article
11.071, Section 5. (14)

V. Executive Clemency

 For all of the above reasons, this Court is not at liberty to stop the applicant's execution. 
But the Governor is. The applicant informs us that he has requested that the Board of Pardons
and Paroles recommend to the Governor that he grant the applicant a 240-day reprieve so that
there will be time for the proposed federal legislation to be considered in Congress. (15) 
Moreover, the Governor himself may grant a 30-day reprieve even absent a recommendation
from the Board. (16) It would be an embarrassment and a shame to the people of Texas and the
rest of the country (albeit not presently unconstitutional) if we were to execute the applicant
despite our failure to honor the international obligation embodied in the Avena judgment when
legislation may well be passed in the near future by which that obligation would become, not
merely precatory, but legally (and retroactively) binding upon us. The Executive Branch most
appropriately exercises its clemency authority when the judicial branch finds itself powerless
to rectify an obvious and manifest injustice. This, I think, is such a situation, and I would urge
the Board and the Governor to act.


Filed: July 31, 2008

Publish

 
1. Vienna Convention on Consular Relations, Apr. 24, 1963, 21 U.S.T. 77, T.I.A.S. No. 6820.
2. Case Concerning Avena and Other Mexican Nationals (Mex. v. U.S.), 2004 I..C.J. No. 128
(Judgment of Mar. 31).
3. Medellin v. United States, Case 12.644, Inter-Am. C.H.R., Report No. 45/08
OEA/Ser/L/V/II.132, doc. 21 (2008).
4. Tex. Code Crim. Proc. art. 11.071, § 5.
5. U.S. Const. art. II, § 2, cl. 2.
6. 223 S.W.3d 315, 330-32 (Tex. Crim. App. 2006).
7. Id. at 348-352.
8. Medellin v. Texas, ___ U.S. ___,128 S.Ct. 1346 (2008).
9. Ex parte Medellin, supra, at 351.
10. Id. at 352.
11. Optional Protocol Concerning the Compulsory Settlement of Disputes to the Vienna
Convention on Consular Relations, Apr. 21, 1963, 21 U.S.T. 325, T.I.A.S. No. 6820. "By ratifying
the Optional Protocol to the Vienna Convention, the United States consented to the specific jurisdiction
of the ICJ with respect to claims arising out of the Vienna Convention." Medellin v. Texas, supra,
S.Ct. at 1354.
12. As introduced in the House of Representatives, and referred to the Judiciary Committee, the
bill reads:


 section 1. short title.


 This Act may be cited as the "Avena Case Implementation Act of 2008".


 section 2. judicial remedy.


 (a) Civil Action.--Any person whose rights are infringed by a violation by
any nonforeign governmental authority of Article 39 of the Vienna Convention on
Consular Relations may in a civil action obtain appropriate relief.


 (b) Nature of Relief.--Appropriate relief for the purposes of this section
means--


 (1) any declaratory or equitable relief necessary to secure the
rights; and


 (2) in any case where the plaintiff is convicted of a criminal
offense where the violation occurs during and in relation to the
investigation or prosecution of the offense, any relief required to
remedy the harm done by the violation, including the vitiation of the
conviction or sentence where appropriate.


 (c) Application.--This Act applies with respect to violations occurring
before, on, or after the date of the enactment of this Act.
13. In Medellin v. Texas, supra, S.Ct. at 1356, the Supreme Court observed, "No one disputes that
the Avena decision--a decision that flows from the treaties through which the United States submitted
to ICJ jurisdiction with respect to Vienna Convention disputes--constitutes an international law
obligation on the part of the United States." But the Supreme Court held that implementing legislation
was required before the particular international law obligation embodied in Article 36 of the Vienna
Convention as construed by the ICJ in Avena would have binding domestic legal effect. See, e.g., id.
at 1357, 1367 ("Because none of these treaty sources creates binding federal law in the absence of
implementing legislation, and because it is uncontested that no such legislation exists, we conclude
that the Avena judgment is not binding domestic law. * * * In sum, while the ICJ's judgment in Avena
creates an international law obligation on the part of the United States, it does not of its own force
constitute binding federal law that pre-empts state restrictions on the filing of successive habeas
petitions.").
14. Ex parte Smith, 977 S.W.2d 610, 611 (Tex. Crim. App. 1998), citing Ex parte Davis, 947
S.W.2d 216, 221, 223 (Tex. Crim. App. 1996) (Opinion of McCormick, P.J.) ("the Legislature clearly
has intended for Article 11.071 to provide the exclusive means by which this Court may exercise its
original habeas corpus jurisdiction in death penalty cases.").
15. Tex. Const. art. IV, § 11(b); 37 TAC §§ 143.41(b) & (c); §§143.43(f)(1) & (j)(1).
16. Tex. Const. art. IV, § 11(b); 37 TAC § 143.41(a).